**ROBERT C. JAROSH, #6-3497**
**SHAINA A. CASE, #7-5109**
Hirst Applegate, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
rjarosh@hirstapplegate.com
scase@hirstapplegate.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 OCT 17 PM 2: 59

MARGARET BOTKINS, CL...
CHEYENNE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| WYO-BEN, INC., a Montana corporation, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 19CV215-J |
| DAVID BERNHARDT, an individual, in his capacity as Secretary of the United States Department of the Interior, and WILLIAM P. PENDLEY, an individual, in his capacity as Acting Director of the United States Bureau of Land Management, | ) |
| Defendants. | ) |

## *COMPLAINT*

Plaintiff Wyo-Ben, Inc., for its Complaint against Defendants United States Secretary of the Interior David Bernhardt (the "Secretary"), and acting Director of the United States Bureau of Land Management William P. Pendley, states as follows:

### NATURE OF THE ACTION

Plaintiff Wyo-Ben, Inc. ("Wyo-Ben") has applied for issuance of mineral patent to a group of contiguous unpatented placer mining claims owned by Wyo-Ben and located in Big Horn County, Wyoming (as described further below, the "Application"). The Application was filed and is pending in the Wyoming State Office of the United States Bureau of Land Management ("BLM"). By statute, the United States Secretary of the Interior, acting in

cooperation with the BLM, is required to make a determination regarding whether the Application falls within an exception to the terms of federal appropriations legislation precluding the BLM from expending funds for processing pending mineral patent applications. Defendants have unreasonably delayed and unlawfully withheld that determination. Accordingly, Wyo-Ben seeks judgment pursuant to 5 U.S.C. § 706 *et. seq.* compelling Defendants to make that determination within thirty (30) days after the date of this Court's judgment.

### PARTIES

1. Wyo-Ben is a corporation formed under the laws of the State of Montana and is duly qualified to transact business and in good corporate standing in the State of Wyoming.

2. Defendant David Bernhardt is the United States Secretary of the Interior.

3. Defendant William P. Pendley is the Acting Director of the United States Bureau of Land Management.

### JURISDICTION AND VENUE

4. This action arises under 5 U.S.C. § 701 *et seq.*, commonly known as the Administrative Procedures Act. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 as an action arising under the laws of the United States.

5. Venue is proper in this Court pursuant to 5 U.S.C. §§ 702 and 703, and 28 U.S.C. § 1391 because the unpatented placer mining claims subject to the Application are located in Wyoming and the Application is pending in the Wyoming State Office of the BLM.

### GENERAL ALLEGATIONS

6. Wyo-Ben holds record title to a group of contiguous unpatented placer mining claims described by legal subdivision of the public land survey and situate in Big Horn County, Wyoming (the "Subject Claims").

7. Wyo-Ben filed the Application in and it was received by the Wyoming State Office of the BLM and assigned BLM file number WYW-128934 on March 30, 1993.

8. As required by applicable law and regulations, in support of the Application, Wyo-Ben filed the documents listed in paragraphs 9 through 17 below.

9. Wyo-Ben filed proof of its corporate citizenship and BLM received it on March 30, 1993.

10. Wyo-Ben filed proof of the authority of its attorney-in-fact to execute the Application and BLM received it on March 30, 1993.

11. Wyo-Ben filed proof that notice of its intent to apply for patent was posted on the Subject Claims and BLM received it on March 30, 1993.

12. Wyo-Ben filed proof that to its knowledge the Subject Claims do not include any mineral deposits in lode or vein formation and BLM received it on March 30, 1993.

13. Wyo-Ben filed proofs of its performance of at least $500 in improvements on the Subject Claims and BLM received them on March 30, June 7, and June 24, 1993.

14. Wyo-Ben filed proof of its record title to the Subject Claims and BLM received it on April 23, 1993.

15. Wyo-Ben filed proof of newspaper publication of the Application and BLM received it on August 31, 1993.

16. Wyo-Ben filed proof that notice of its intent to apply for patent remained continuously posted on the Subject Claims during the period while notice of the Application was published in the newspaper and BLM received it on August 31, 1993.

17. Wyo-Ben filed a statement of the fees and charges it paid in connection with the Application and it was received by BLM on August 31, 1993.

18. Wyo-Ben paid the purchase price for the Subject Claims and the payment was received by BLM on August 31, 1993.

19. In September 1994, Congress imposed a temporary moratorium on the expenditure of funds by BLM for the processing of pending mineral patent applications (the "Temporary Moratorium") through enactment of Section 112 of the Department of Interior and Related Agencies Appropriations Act, 1995, Public Law 103-332.

20. The Temporary Moratorium has been reenacted annually since then, most recently in Section 404(a) of the Department of the Interior, Environment, and Related Agencies Appropriations Act, 2019, Public Law 116-6.

21. Section 404(b) of Public Law 116-6 is an exception to the Temporary Moratorium that applies to certain patent applications filed on or before September 30, 1994.

22. Sections 404(a) and 404(b) of Public Law 116-6 remain in force by virtue of the Continuing Appropriations Act, 2020, and Health Extenders Act of 2019, Public Law 116-59, §§ 101(7) and 104.

23. Section 404(b) of Public Law 116-6 requires the Secretary to review a patent application filed on or before September 30, 1994, to determine whether it qualifies for the exception to the Temporary Moratorium.

24. The Secretary has not applied the criteria required by applicable law to determine whether the Application qualifies for the Section 404(b) exception to the Temporary Moratorium, and will not make that determination unless required to do so by order of this Court.

25. The Secretary's failure to apply the criteria required by applicable law to determine whether the Application qualifies for the Section 404(b) moratorium exception

constitutes agency action unlawfully withheld and unreasonably delayed within the meaning of Section 706(1) of the Administrative Procedure Act, 5 U.S.C. § 706(1).

## PRAYER FOR RELIEF

WHEREFORE, Wyo-Ben respectfully requests this Court to issue its order requiring the Defendants to review the Application to determine whether it qualifies for the Section 404(b) exception to the Temporary Moratorium and to deliver their determination to this Court and Wyo-Ben within thirty (30) days after the date of the Court's order, and requests such other and additional relief as the Court deems proper.

Dated:  17 October 2019.

WYO-BEN, INC., Plaintiff

BY: _____
ROBERT C. JAROSH, #6-3497
SHAINA A. CASE, #7-5109
OF HIRST APPLEGATE, LLP
Attorneys for Plaintiff
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
rjarosh@hirstapplegate.com
scase@hirstapplegate.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on October 17, 2019, pursuant to Rule 4(i)(1)(A)(ii) and (2), true and correct copies of the foregoing **COMPLAINT** were deposited in the **U.S. Mail, via certified mail, return receipt requested**, and addressed as follows:

Attorney General William P. Barr
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Civil Process Clerk
United States Attorney's Office
District of Wyoming
J.C. O'Mahoney Federal Courthouse
2120 Capitol Avenue, Suite 4000
Cheyenne, WY 82001

Secretary of the Interior David Bernhardt
U.S. Department of the Interior
1849 C Street, N.W.
Washington, DC 20240

William P. Pendley
Acting Director
U.S. Bureau of Land Management
1849 C Street, N.W.
Room 5665
Washington, DC 20240

_Shannon Ward_
OF HIRST APPLEGATE, LLP
Attorneys for Plaintiff